UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JANELLCIE GIBBONS,<br><br>Defendant. | Case No. 2:17-cr-00321-RFB-GWF-2<br><br>**ORDER** |

### I.   INTRODUCTION

Before the Court are Defendant's Motion to Vacate Under 28 U.S.C. 2255 and Supplemental Motion to Vacate. ECF Nos. 145, 149. Additionally, before the Court is the Government's Motion for Leave to Advise the Court of New Authority. ECF No. 185.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

On September 19, 2018, Ms. Gibbons entered a written guilty plea for conspiracy to commit Hobbs Act robbery (Count One); aiding and abetting Hobbs Act robbery (Count Four); and brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c) (Count Five). ECF Nos. 100, 101. On January 22, 2019, the Court sentenced Ms. Gibbons to a total of 87 months of imprisonment. ECF Nos. 125, 126. The Court also sentenced Ms. Gibbons to a concurrent supervised release term of three years on Counts One and Four to run concurrently to one another, and four years of supervised release on Count Five to run concurrently to Counts One and Four. Id.

In United States v. Davis, the United States Supreme Court held that 18 U.S.C. § 924(c) was unconstitutionally vague. 139 S. Ct. 2319 (2019). On January 13, 2020, the Defendant filed a *pro se* Supplemental Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.

ECF No. 145. On June 23, 2020, the Defendant filed a counselled Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. ECF No. 149. On January 24, 2022, the United States filed a Motion for Leave to Advise the Court of new authority, Young v. United States, 22 F.4th 1115 (9th Cir. 2022). ECF No. 185.

### III.     LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. Id.; see United States v. Berry, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f)(3). That one-year limitation begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." Id.

### IV.     DISCUSSION

The Court finds that there are no grounds to grant 28 U.S.C. § 2255 relief.

18 U.S.C. § 924(c), under which Ms. Gibbons was sentenced, prohibits the use of a firearm "during and in relations to any crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute authorizes heightened sentences for those who use a firearm in connection with a "crime of violence." 18 U.S.C. § 924(c).  Following the Supreme Court's ruling in Davis, a felony qualifies as a crime of violence only if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); see also Davis, 139 S. Ct. 2319 (invalidating 18 U.S.C. § 924(c)(3)(B)).

Ms. Gibbons argues that aiding and abetting does not qualify as a crime of violence. The federal aiding and abetting statute provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a). The Ninth Circuit has also held that aiding and abetting a Hobbs Act

robbery is a crime of violence. Eckford, 77 F.4th at 1237. "One who aids and abets the commission of a violent offense has been convicted of the same elements as one who was convicted as a principal . . . ." Id. Therefore, aiding and abetting Hobbs Act robbery, like completed Hobbs Act robbery, is a crime of violence within the meaning of § 924(c). Id.; see also Young v. United States, 22 F.4th 1115, 1122-23 (9th Cir. 2022) ("We therefore hold that, because armed bank robbery is categorically a crime of violence, a person who aids or abets armed bank robbery falls, like a principal, within the scope of the definition of the underlying offense and is deemed to have committed a crime of violence under § 924(c)'s elements clause.").

Since aiding and abetting Hobbs Act robbery is a crime of violence, Ms. Gibbon's conviction under § 924(c) is sound.

## V. CERTIFICATE OF APPEALABILITY

This is a final order adverse to the Petitioner Ms. Gibbons. As such, Rule 11(a) of the Rules Governing Section 2255 Cases requires this Court to issue or deny a certificate of appealability ("COA"). See also 28 U.S.C. § 2253(c)(1)(B). Without a COA, Ms. Gibbons "may not appeal that denial." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). To issue a COA, the Court must find that Ms. Gibbons "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, the Court looks for a showing that "reasonable jurists would find [this Court's] assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the Court found that settled, binding caselaw disposes of Ms. Gibbon's claims, the Court finds that no reasonable jurist could find the Court's assessment debatable or wrong.

///
///
///
///
///
///
///

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that the Defendant's (ECF No. 149) Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's original *pro se* (ECF No. 145) Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that the (ECF No. 185) Government's Motion for Leave to Advise the Court of New Authority is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court **CLOSE** the civil case associated with this Motion identified by case number 2:20-cv-00096-RFB.

**DATED:** April 29, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**